Judge Owsley
delivered the opinion of the Court.
This writ of error was sued out in the name of Mary O. Russell, before she was married to Wickliffe, to reverse a judgment recovered against her in an action of trespass, on the case brought in the circuit court by Sanders.
The declaration is as follows:

Fayette county Set.

Samuel Sanders, by his attorney, complaims of Mary O. Russell, in custody &c. of a plea of trespass on the case, for that, whereas the said defendant, on the - day of -, at the circuit aforesaid, caused her certain writ of execution, commonly called & fieri facias, to be issued from the office of the Fayette circuit court, directed to the sheriff of Fayette, by which he was commanded, that of the estate of Lewis Sanders, he should cause to be made the sum of $- with interest at the rate of six per centum per annum from the - day of -, until paid, and also her cost expended in the prosecution of her suit, and whereas, afterwards, towit, on the day of -, at the circuit aforesaid, the said defendant, caused her said execution to be delivered to George W. Morton, deputy sheriff for—sheriff of Fayette county, and caused the same to be levied upon divers goods and chattels of the said plaintiff, then and there being, towit, fifty milch cows and calves, being of great value, towit, of the value of $5000; fifty bullocks of great value, towit, of the value of $5000; fifty heifers and steers, of the value of $5000; fifty head of horses, of the value of $5000; divers pieces of household and kitchen furniture, consisting of beds, carpets, chairs, tables, table cloths, china ware, pots, kettles, &c. then and there being, of the value of $2000; also farming utensils, to-wif, ploughs, harrows &c. of the value of $1000, and thereupon, afterwards, towit, on the day of—, at the cir- *297 íiuit aforesaid, the said goods and chattels of the said plaintiff, were? by the order of the said defendant, and in color of said execution, sold by the said Morton, as deputy sheriff, as aforesaid, so that the same was wholly lost to the said plaintiff, and he deprived of the use, enjoyment, advantage and value thereof, to his great damage, to-wit, 05000, and therefore he sues.
Plea, not judgment for plaintiff,
Motion in ar. ment'orer-2* ruled,
Objected bought0to have been trespass and Iiot case‘
Hules for the case stated,
Not guilty, was pleaded by the then Mrs. Russell; and on,the trial of that issue, three hundred dollars damages were found against her by the jury, for which sum, the judgment, to reverse which this writ of error is prosecuted, was rendered in favor of Sanders.
After the jury had found théir verdict} á motion was made on the part of the defendant, Mrs. Russell, in the circuit court, to arrest the judgment; but the motion was overruled, and it is now assigned for error, that the court erred in not arresting the judgment.
The ground relied on in that court, to arrest the judgment, is, that the action was misconceived. It was contended, that to recover for the injury charged in the declaration, trespass, and not case, is the proper action; and that by adopting the latter aqtion, Sanders was not entitled to a judgment in his favor, for the damages assessed by the jury*-
Whether we advert to those general rules, by which the action of trespass and case are characterized and distinguished, or t©''adjudged cases, it will he found, that to recover damages for the taking of the goods and chattels of Sanders, as charged in the declaration, an action of trespass is the appropriate action, and that case cannot be maintained. By the act of taking the goods, force is not only necessarily implied, but an immediate injury was thereby done-to Sanders, and it is a general rule, that for immediate injuries, committed with force, whether the force be actual or constructive, trespass is the proper action. Hence it has been held, that tresr pass should be brought to recover for injuries committed by th.e misapplication of the procees of a *298 court; as where A, or his goods, are taken upon process against B, 3 Wilson R. 309; 2 Blac. R. 832; 1 Bulstr. 149; 1 Chitty plea. 185. Nor is it material whether the action be against the officer who misapplies the procees, provided the officer, in taking the goods, acts under the command of the plaintiff. By commanding the goods to be taken by the officer, the plaintiff becomes principal in the act, and equally liable with the officer to all the consequences. In trespass there is no accessary; all who aid or assist in doing, or causing the act to be done, are principals in the act, and liable to the same action. It follows, therefore, that for taking the goods, which are charged in the declaration to have been caused to be taken by Mrs. Russell, she is not only liable to the action of Sanders, but to recover for the injury done by the act of taking. Trespass, and not case, should have been brought by him.
an execution other perron to bn levied on the plaintiff’s goons, is trespass not case. Action against the plaintiff in execution, for causing
Trover may be maintain-trcsWas3°iIes' pd 1 s‘
Verdict in general terms aUeginga1 •wrongful taking the plaintiff's goods, not saying with force, and selling them, whereby they were lost to plaintiff, not good,because damages for the wrongful taking are assessed, and the malafaci-um, was in the conversion only.
*298 But admitting that for the taking, trespass might be maintained, it was contended in argument, that it was competent for Sanders to waive the tort, and bring case for the conversion of the property, and it was argued that the declaration, though not in fonn a declaration in trover, contains every thing necessary to show a right in Sanders to recover in trover, and that in substance, it should be so considered and treated,
R is undoubtedly "true, in the general, that whenever trespass will lie for the taking of goods of the plaintiff wrongfully, trover may also be maintained; but when this is conceded, and were we also to con-ce(*e tíiaí ^ie case Sanders comes within the general rule, which allows either trespass or trover, to be maintained for the taking of the goods, charged in the declaration, still there is an objection to the verdict and judgment not to be gottéh over.
The verdict being general, must be understood to include damages for the act of taking, charged in the declaration; so that if the verdict and judgment *s permitted to stand, Sanders recovers damages for an act, for which, according to the settled doctrines 0f the law, no damages are recoverable, in an action *299 of trover; the trespass being always waived in such an action. In the case of Cooper vs. Chitty, 1 Burrow, 31, the action of trover is thus defined by Lord Mansfield: In form, (says he) it is a fiction; in substance, it is a remedy to recover the value of personal chattels wrongfully converted by another to his own use; the form supposes that the defendant might have come lawfully by it, and if lie did not, yet by bringing this action, the plaintiff waives the trespass; no damages are recoverable for the act of taking; all must be for the act of converting. This is the tort, or maleficium, and to entitle the plaintiff to recover, two tilings are necessary, first, property in the plaintiff. Secondly, a wrongful conversion by the defendant.”
Force in the taking, though not alleged is necessarily implied in the averments, damages were, therefore, assessed by the jury, for the force, and the judgment may be arrested.
Statute of jeofail does not cure the error, in bringing casa where trespass is the ■ action.
Mandate for. plaintiff to have leave to amend his decoration.
*299 The objection, that damages are given by the verdict for the act of taking of the goods charged in the declaration, has no answer in the fact that the taking is not charged to have been committed with force. Though force in the taking, is not expressly charged, it is from the allegations in the declaration necessarily implied; and we are as much bound to infer, that damages were given by the, jury, for the trespass committed in taking the goods, as if the force in taking had been expressly charged in the declaration. The jury has, therefore, by their verdict, given damages not recoverable in an action of trover, and which are recoverable only in an action of trespass to et amis; so that in any point of view that the case is considered, the judgment is equally erroneous, and should have been arrested.
It might be otherwise, if the objections to which we have, adverted, were obviated by any of the various statutes of jeofails. But none of those statutes have ever been held, nor do we think that any of them should be held, to cure an error in bringing case, where trespass is the proper action, or an error in the jury, giving damages in an action on the case, for an act for which no damages are recoverable in such an action.
The judgment must therefore be reversed, with cost, the cause remanded to the court below, with permission for Sanders to amend his declaration, *300 should he desire to do so; but if he should not so amend his declaration, as to charge a cause of action in case only, and not trespass, his action must he dismissed with cost.
Wickliffe, for plaintiffs; Ilaggin and Loughborough^ for defendants.